UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:06-cr-50-FtM-99SPC

JOSE LUIS ZALDIVAR

_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Jose Luis Zaldivar's Second Amended Motion to Sever Defendants (Doc. #151). The government filed a Response (Doc. #123) to the previously filed Motion to Sever, and defendant filed an unauthorized Reply (Doc. #128).

     There is a two-step inquiry to determine whether charges against multiple defendants may be properly tried at the same time: First, the government must demonstrate that the initial joinder of the offenses was proper under Rule 8.  Second, the Court must exercise its discretion in determining whether a severance should nonetheless be granted under Rule 14. United States v. Gabay, 923 F.2d 1536, 1539 (11th Cir. 1991); United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984).

     The joinder of multiple defendants in an indictment is governed by Fed. R. Crim. P. 8(b), which provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or

>       offenses.  Such defendants may be charged in
>       one or more counts together or separately and
>       all of the defendants need not be charged in
>       each count.

Joinder of defendants under Rule 8(b) is a question of law. <u>United States v. Dominguez</u>, 226 F.3d 1235, 1238 (11th Cir. 2000); <u>United States v. Wilson</u>, 894 F.2d 1245, 1252-53 (11th Cir. 1990), <u>cert. denied sub nom.</u> <u>Levine v. United States</u>, 497 U.S. 1029 (1990); <u>United States v. Morales</u>, 868 F.2d 1562, 1567 (11th Cir. 1989). Rule 8(b) is designed to promote judicial economy and efficiency, and the rule is broadly construed in favor of initial joinder. <u>Dominguez</u>, 226 F.3d at 1238; <u>United States v. Weaver</u>, 905 F.2d 1466, 1476 (11th Cir. 1990), <u>cert. denied sub nom.</u> <u>Sikes v. United States</u>, 498 U.S. 1091 (1991). The general rule is that defendants who are jointly indicted should be tried together. <u>United States v. Cross</u>, 928 F.2d 1030, 1037 (11th Cir. 1991), <u>cert. denied</u> 502 U.S. 985 (1991); <u>United States v. Perez-Garcia</u>, 904 F.2d 1534, 1547 (11th Cir. 1990). Absent allegations of bad faith, the question of whether initial joinder is proper is determined by an examination of the allegations stated on the face of the indictment. <u>Weaver</u>, 905 F.2d at 1476; <u>Morales</u>, 868 F.2d at 1567-68.

Joinder is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense". <u>Weaver</u>, 905 F.2d at 1477 (quoting <u>United States v. Nettles</u>, 570 F.2d 547, 551 (5th Cir. 1978)). In <u>Morales</u>, the Court noted that the government must demonstrate that "the acts alleged are united by some substantial identity of facts and/or

participants." 868 F.2d at 1569. Under this standard, however, each defendant need not have been involved in every phase of the venture or even know the roles and identities of other participants. Wilson, 894 F.2d at 1253.

Even if initial joinder is proper, however, severance may be granted under Rule 14.[1] Morales, 868 F.2d at 1568. As the Eleventh Circuit said in United States v. Bryan:

> Although the remedy for misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 is the same - severance and separate trials - the two rules are analytically and procedurally distinct. A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment, and severance must be granted if the defendants were improperly joined. Rule 14 comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants. It is addressed to the discretion of the trial judge.

843 F.2d 1339, 1342 (11th Cir. 1988)(quoting United States v. Williams, 711 F.2d 748 (6th Cir. 1983), cert. denied 464 U.S. 986 (1983)).

Defendant does not contend that initial joinder was improper, but asserts that severance is appropriate under Fed. R. Crim. P. 14. Zafiro v. United States, 506 U.S. 534, 538 (1993); Morales,

---

[1] Fed. R. Crim. P. 14 provides in pertinent part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendant in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

868 F.2d at 1568.  Such a motion is addressed to the discretion of the court, and a trial court must balance the prejudice a defendant may suffer from a joint trial against the public interest in judicial economy and efficiency.  United States v. Lehder-Rivas, 955 F.2d 1510, 1521 (11th Cir. 1992); United States v. Eyster, 948 F.2d 1196, 1213 (11th Cir. 1991); Cross, 928 F.2d at 1037.  A severance may be granted only if a joint trial will result in specific and compelling prejudice.  Eyster, 948 F.2d at 1213-14.  "Compelling prejudice" has been held to mean that a jury will not be able to collate and appraise the evidence against each defendant independently.  United States v. Nixon, 918 F.2d 895, 906 (11th Cir. 1990).  A defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to a co-defendant.  United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997); United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990).  Similarly, a severance is not justified because a defendant may stand a better chance of acquittal in a separate trial or the evidence is stronger against a co-defendant.  Cross, 928 F.2d at 1037, n.21.  There is a legal presumption that cautionary instructions to the jury to consider the evidence separately as to each defendant will be adequate to guard against prejudice.  United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989), cert. denied sub nom. Garces v. United States, 493 U.S. 968 (1989).

The Court finds that no compelling prejudice has been demonstrated at this point in the case. While defendant is charged only in the conspiracy count, and not the substantive count, the Court finds no prejudice which cannot be overcome with proper jury instructions or, in a <u>Bruton v. United States</u>, 391 U.S. 123 (1968) situation, with the exclusion of the offending testimony. Defendant has not made a sufficient claim of antagonistic defenses. Defendant has not even alleged that he has such inconsistent defenses, only that it is a "strong possibility" that defenses will be of an antagonistic nature. Separate defenses among defendants do not require severance unless "the jury, in order to believe the core of testimony offered on behalf of [a] defendant must necessarily disbelieve the testimony offered on behalf of his co-defendant." <u>United States v. Garate-Vergara</u>, 942 F.2d 1543, 1552 (11th Cir. 1991)(internal quotation marks and citation omitted). Defendant has not shown that the defenses will be irreconcilable or mutually exclusive at this point.

In order to obtain a severance based on a desire for a co-defendant's testimony, a defendant must demonstrate:

> (1) a bona fide need for the codefendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the codefendant will actually testify."

<u>Leavitt</u>, 878 F.2d at 1340. The Court finds that defendant has not made the requisite showing to be entitled to severance.

Because no specific compelling prejudice has been demonstrated

5

by defendant for any of the reasons he asserts, the Court concludes that the motion is due to be denied. The Court notes that there is no prohibition against defendants renewing their Rule 14 motions for severance at a future date if additional facts or circumstances are developed which may demonstrate compelling prejudice. <u>United States v. Benz</u>, 740 F.2d 903, 913 (11th Cir. 1984); <u>see</u> e.g., <u>United States v. Van Hemelryck</u>, 945 F.2d 1493, 1500 (11th Cir. 1991)(after initially denying the motions for severance, the trial court ultimately revisited the question of severance and severed out two of the co-defendants).

Accordingly, it is now

**ORDERED**

Defendant Jose Luis Zaldivar's Second Amended Motion to Sever Defendants (Doc. #151) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of October, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record