UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:06-cr-50-FtM-99SPC

JOSE LUIS ZALDIVAR
ORLANDO LOPEZ
ALFREDO DIAZ ROJAS
YENIER BROCHE ORTIZ
YOEL BERMUDEZ

_____

**OPINION AND ORDER**

On July 18, 2006, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #95) to the Court recommending that Defendant Jose Luis Zaldivar's Motion to Suppress Evidence (Doc. #59), as adopted[1] by defendant Orlando Lopez (Docs. #69, #73), be denied.  Defendants Zaldivar and Lopez filed objections (Docs. #96, #98) to the Report and Recommendation.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir.

---

[1] Defendant Yenier Broche Ortiz also moved to adopt the Motion to Suppress, which request was denied for lack of standing. (See Doc. #70.)  The Court agrees that defendant Ortiz lacks any reasonable expectation of privacy in the matters at issue and therefore lacks standing.

1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The Court finds that the traffic stop of the vehicle was lawful under Whren v. United States, 517 U.S. 806 (1996) because the officers had probable cause to believe the driver of the vehicle was committing the traffic infractions set forth in the Report and Recommendation (Doc. #95, pp. 12-13). Defendants' objection is overruled.

The Court finds that the vessel was properly impounded. The vehicle could not safely tow the vessel because of its weight (Doc. #80, pp. 62, 72, 121), and the vehicle and vessel could not safely be left at the side of the very busy road (Doc. #80, pp. 70, 73). "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and

convenience is beyond challenge." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). The Court finds that the vessel's impoundment was justified and was not a pretext to search. Defendants' objection is overruled.

Two searches then occurred in the vessel, the inventory search by Cpl. Amy Spotanski-Tipton and the search by Sgt. David R. Johnson. The Court finds that the government has not established the inventory search was valid, but has established that the search by Sgt. Johnson was a valid consent search.

An inventory search may be performed on a properly impounded vessel if it is performed pursuant to standardized criteria. Opperman, 428 U.S. at 372-76; Colorado v. Bertine, 479 U.S. 367, 371-76 (1987); Sammons v. Taylor, 967 F.2d 1533, 1543 (11th Cir. 1992); Robinson v. State, 537 So. 2d 95 (Fla. 1989). "Our decisions have always adhered to the requirement that inventories be conducted according to standardized criteria." Bertine, 479 U.S. at 374 n.6. Thus, while it is clear that "inventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment," Bertine, 479 U.S. at 371, it is equally clear that such searches must be conducted pursuant to standardized procedures.

As in Khoury, "[c]onspicuously absent from the testimony at the suppression hearing is any evidence concerning the standardized procedures limiting the discretion of the investigating officers." United States v. Khoury, 901 F.2d 948, 958 (11th Cir.), opinion

modified on reh'g 910 F.2d 713 (1990).  The Court in <u>Khoury</u> reluctantly found that uncontroverted testimony that the inventory search was "routine and required" was sufficient to satisfy the standardized criteria requirement.  <u>Id.</u>  Here, there was no testimony at all touching on any standardized criteria under which the Collier County Sheriff's Office conducts inventory searches.  Therefore, the government has not established that the inventory search was lawful.  There is nothing in the record, however, which suggests that anything observed during the inventory search was not also observed in the consent search discussed below.

The Court finds that the search of the vehicle by Lt. Johnson was properly conducted pursuant to the consent of the driver.  The consent was unrelated to the inventory, and the Court agrees with the Report and Recommendation that this search was lawful.  Defendants' objection is overruled.

The Affidavit to the Search Warrant contained the following statement: "Pursuant to a routine inventory search of the vessel, twenty (20) individual personal floatation devices (life jackets), along with food and drink for numerous amounts of persons.  The vessel appeared to have been recently at sea based upon the observations of it being covered/caked with sea salt, and had signs of being occupied by numerous persons."  (Doc. #59, Exh. A, ¶ 2.)  Although the Affidavit states that these items were observed during a "routine inventory search," the testimony at the suppression hearing established that Cpl. Spotanski-Tipton had nothing to do

with the application for the Search Warrant (Doc. #80, pp. 46-47), and that Special Agent Mullins testified he received the information from Sgt. Johnson. (Doc. #80, pp. 139-40.) Cpl. Spotanski-Tipton did not observe the life jackets, but these were observed by Sgt. Johnson before and during his consent search, which occurred during the inventory search. (Doc. #80, p. 55.) Since all the items were lawfully observed by Sgt. Johnson, the Court concludes that the Search Warrant was not based on the unlawful inventory search. The Court further finds that the information set forth in the Affidavit established both probable cause and a nexus to the vessel. These objections are overruled.

The finger prints and palm prints were lawfully observed before and during the consent search. (Doc. #80, pp. 114, 127-28.) The Court finds, however, that they were not lawfully seized pursuant to the Search Warrant. The Affidavit stated that the affiant believed "there is probable cause to conduct a search of the vessel and its contents for evidence of alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(I)." (Doc. #59, Exh. A, ¶ 4.) The Search Warrant authorized by the magistrate judge was not this expansive, however. The Search Warrant described the property to be seized as: "evidence pertaining to alien smuggling, more particularly described in Attachment A." (Doc. #59, Exh. B.) Attachment A listed the following four items: "1) Guidance positioning systems (GPS), 2) Loran-C navigational aids, 3) Navigational charts, 4) Cellular and satellite telephones." (Id.)

Thus, the Search Warrant did not authorize seizure of all "evidence pertaining to alien smuggling," but only such evidence "particularly described in Attachment A." Since fingerprints and palm prints were not included in Attachment A, these items could not be seized pursuant to the Search Warrant. There was no testimony which established that the prints were otherwise lawfully seized. While the government correctly argues that the initial consent to search the vessel was unlimited, that search had long since terminated. The searching officer clearly testified that he had no consent to search at the time he conducted the search pursuant to the search warrant. (Doc. #80, pp. 151.)

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and, with two exceptions, the conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation except as to its discussion of the lawfulness of the inventory search and the lawfulness of the seizure of the fingerprints and palm prints during the execution of the Search Warrant.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #95) is **accepted and adopted in part** to the extent discussed above, and it is specifically incorporated into this Opinion and Order.

The Report and Recommendation is **rejected** as to the lawfulness of the inventory search and the lawfulness of the seizure of the fingerprints and palm prints during the execution of the Search Warrant.

    2. Defendant Jose Luis Zaldivar's Motion to Suppress Evidence (Doc. #59), as adopted by defendant Orlando Lopez, is **GRANTED** as to the fingerprints and palm prints seized from the vessel; and the results of the inventory search as detailed in the Affidavit to the Search Warrant; and is otherwise **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of October, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
AUSA
Counsel of Record